PAINTER, J.,
concurring in part and dissenting in part.
11 While I agree with the majority opinion in affirming the liability of the Rapides Parish School Board, I respectfully dissent from the majority’s view that an award of $45,000.00 in general damages is reasonable under the facts and circumstances of this case.
With regard to our review of a general damage award:
the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate *633 award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993).
In this case, the student was “French kissed” by a teacher on two different occasions. Plaintiff testified that she had never been kissed before Lebeouf forced himself upon her. She further alleges that as a result of Lebeoufs behavior, she has developed issues of trust in dating members of the opposite sex. She testified that she was embarrassed and ashamed and “just turned into like this little quiet stone of myself.” She further testified that she still had nightmares and panic attacks. In its written reasons for judgment, the trial court stated:
The Court judged [K.P.S.] to be a very credible -witness and has found that she met her burden of proof that she suffers emotional injuries as a result of her encounters with Lebeouf. In considering an 12appropriate award, the [CJourt is mindful that [K.P.S.] continues to exhibit emotional affects [sic] some four1 years following the date of the incidents. After a review of the jurisprudence regarding similar emotional injuries, the Court grants an award of general damages in the amount of $45,000.00.
While not diminishing the gravity of the situation, the evidence and testimony presented shows that this Plaintiff did not seek any medical assistance or counseling related to the incidents in question because she felt she “could deal with it best” herself and she was not physically injured in the incidents. Plaintiff testified that she began dating when she turned sixteen, just a few months after the incidents in question. She also testified that her reputation at school was not “ruined” when these incidents came to light. Plaintiff also testified that continued to compete in rodeo and choir just as she had before the subject incidents and that she did well in these activities. Plaintiff testified that she graduated from high school on schedule and is presently attending Louisiana State University, making straight A’s, with hopes of going to law school.
In light of this evidence, I believe that the trial court abused its vast discretion in making the award of damages in the amount of $45,000.00. Accordingly, I would amend the trial court’s judgment to award damages in the amount of $10,000.00.